<u>No.12-cr-</u>...............

UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

ALEKSANDR N. ZAGORODNY,
SERGEY ZAGORODNY, and
MEDEX AMBULANCE, INC.

INDICTMENT

Counts
18 U.S.C. § 1349 (conspiracy - 1 count)
18 U.S.C. § 1347 (health care fraud - 18 counts)
18 U.S.C. § 1035 (false statements in health care matter - 18 counts)
18 U.S.C. § 1343 (wire fraud - 4 counts)
18 U.S.C. § 2 (aiding and abetting)
**Notice of Forfeiture**

A true bill.

-------------------------------------------------
Foreman

Filed in open court this ................. day,

of ............. A.D. 20 .............

-------------------------------------------------
Clerk

Bail, $ .............

-------------------------------------------------

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 12-_____ |
| v. | : | DATE FILED: _____ |
| ALEKSANDR N. ZAGORODNY, SERGEY ZAGORODNY, and MEDEX AMBULANCE, INC. | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1349 (conspiracy - 1 count) |
| | : | 18 U.S.C. § 1347 (health care fraud - 18 counts) |
| | : | 18 U.S.C. § 1035 (false statements in health care matter - 18 counts) |
| | : | 18 U.S.C. § 1343 (wire fraud - 4 counts) |
| | : | 18 U.S.C. § 2 (aiding and abetting) Notice of Forfeiture |

## INDICTMENT

### COUNT ONE

(Conspiracy)

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

### Introduction

A.  **The Defendants**

1. MEDEX AMBULANCE, INCORPORATED ("MEDEX") was incorporated in the Commonwealth of Pennsylvania on August 11, 2004, with an initial physical address of 341 Philmont Avenue, Feasterville, PA 19053. MEDEX moved from 341 Philmont Avenue to 2540 West Maple Avenue, Feasterville, PA 19053 at the end of 2010.

2. MEDEX operated seven different ambulances.

3. MEDEX was owned by it president, defendant ALEKSANDR N. ZAGORODNY, and its vice president, defendant SERGEY ZAGORODNY, who are brothers. Defendants ALEKSANDR N. ZAGORODNY and SERGEY ZAGORODNY were responsible for the daily activities of MEDEX and oversaw its work and billing activity. Defendants ALEKSANDR N. ZAGORODNY and SERGEY ZAGORODNY were ultimately responsible for personnel matters, including hiring and firing of employees, managing the fleet of ambulances, selling and acquiring equipment, and, at times, transporting patients by ambulance. In addition, any supervisors hired by MEDEX reported to defendants ALEKSANDR N. ZAGORODNY and SERGEY ZAGORODNY.

4. As further described below, MEDEX began operating on or about October 25, 2004, when MEDEX was granted an Ambulance Service Licensure in Pennsylvania.

B. **The Medicare Program**

5. Medicare was a federal health insurance program administered by the Centers for Medicare and Medicaid Services ("CMS"), an agency of the U.S. Department of Health and Human Services. Medicare helped to pay for the reasonable and medically necessary medical services for people aged 65 and older and some persons under 65 who are blind or disabled. Medicare was divided into several parts, including Part B, outpatient services.

6. Under Medicare Part B, payment was made to providers of outpatient services. Such providers included medical transportation providers. Medicare beneficiaries paid a monthly premium for Medicare Part B.

7. CMS contracted with private insurance companies under Part B to receive, adjudicate, and pay Medicare claims submitted by approved and participating health care

providers and suppliers. Once contracted to process Medicare Part B claims, these private insurance companies were known as Medicare Administrative Contractors ("MAC"). CMS contracted with Highmark Medicare Services ("Highmark") to be the MAC to process and pay Medicare Part B claims in the Commonwealth of Pennsylvania.

8. The MAC, Highmark, was required to process applications from medical providers seeking to enroll in the Medicare program. Once the application was reviewed and approved, a provider was enrolled and issued a unique provider number. The provider number was required on all claims submitted by the provider to the carrier for payment. MEDEX had a provider number and its initial enrollment application to Medicare was signed on November 1, 2004 and again on November 29, 2004 by defendant ALEKSANDR N. ZAGORODNY.

9. Upon enrollment, providers were issued a provider manual that generally described the requirements to participate as a provider in the Medicare program. Providers also periodically received newsletters advising them of additional requirements for participation and instructions concerning which services were covered or not covered by Medicare and the prerequisites for coverage.

C. **Payment for Medicare Claims to Providers**

10. All providers and suppliers of Medicare Part B services were required to submit, within one year from the date of service, claims to the MACs on behalf of Medicare beneficiaries. During this period, providers could file their Medicare Part B claims either electronically or in paper form.

11. Providers were required to certify that (1) the services provided were medically necessary, (2) the services were personally provided by the person signing the form, or

by one of his/her employees acting under the signer's direction, and (3) the information contained in the form was true, accurate, and complete. The provider number was included as a part of each submission.

12. Medicare paid for regularly scheduled, non-emergency transports to certain locations, including dialysis centers, only if either: (a) the beneficiary was bed-confined and it was documented that the beneficiary's condition was such that other methods of transportation were contraindicated (*i.e.*, bed confinement alone was not itself a sufficient basis for such transportation); or (b) the beneficiary's medical condition, regardless of bed-confinement, was such that transportation by ambulance was medically required. For a beneficiary to be bed-confined, the following criteria were required to be met: (1) the beneficiary was unable to get up from bed without assistance; (2) the beneficiary was unable to "ambulate," and (3) the beneficiary was unable to sit in a chair or wheelchair.

13. In all cases, CMS required that the appropriate documentation be kept on file and, upon request, presented to the carrier. For example, Medicare required ambulance providers to obtain a physician's written order certifying the need for an ambulance for scheduled non-emergency transports. A physician's order was referred to as a Physician's Medical Necessity Certification ("PMNC") or Physician Certification Statement ("PCS"). CMS made clear that neither the presence nor absence of a signed physician's order for an ambulance transport proved (or disproved) whether the transport was medically necessary. The ambulance service had to meet all program coverage criteria in order for payment to be made.

14. MEDEX submitted its claims electronically via a third party billing company located in Boothwyn, Pennsylvania. MEDEX submitted documentation, first in paper

format and later electronically via computer to this billing company, in order to support the submission of MEDEX's claims for payment. Medicare reimbursement to providers was made by either an electronic funds transfer or by check payable to the provider and delivered by U.S. Mail. MEDEX received its Medicare reimbursement by electronic funds transfer.

15. On the Medicare enrollment application, depository information was required as part of the electronic funds transfer ("EFT") authorization agreement. Defendant MEDEX utilized an account at Citizens Bank in which electronic payment deposits were made from Highmark, as well as deposits of checks to MEDEX received from Medicaid and private insurance companies. The only authorized signature on this account was defendant ALEKSANDR N. ZAGORODNY.

### The Conspiracy

16. From in or about in or about November 2007 through in or about October 2011, at Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALEKSANDR N. ZAGORODNY,
SERGEY ZAGORODNY
and
MEDEX AMBULANCE, INC.**

conspired and agreed, together and with others known and unknown to the grand jury, to knowingly devise a scheme to defraud the Medicare and Medicaid health benefit programs, and to obtain money and property of Medicare and Medicaid by means of false and fraudulent pretenses, representations, and promises, and to use interstate wire communications to further the scheme to defraud, in violation of Title 18, United States Code, Sections 1343 and 1347.

## Manner and Means

17.    Beginning in or about November 2007 or earlier and continuing through in or about October 2011, defendants MEDEX, ALEKSANDR N. ZAGORODNY, and SERGEY ZAGORODNY and other co-conspirators transported by ambulance, and directed other MEDEX employees to transport by ambulance, patients who could walk or be transported safely by para-transit van or other means, falsely representing to Medicare and Medicaid that these patients medically required transportation by ambulance. Patients were directed to get onto a stretcher or were placed by MEDEX employees onto a stretcher when the patients were able to walk or to be moved by wheelchair. The majority of these patients were dialysis patients, who needed to attend dialysis treatments three times per week, thereby allowing MEDEX to bill extensively for these patients.

18.    Defendants ALEKSANDR N. ZAGORODNY and SERGEY ZAGORODNY, and MEDEX employees acting at the direction of defendants ALEKSANDR N. ZAGORODNY and SERGEY ZAGORODNY, falsified documentation in the form of "trip sheets," also known as "run sheets" or "patient care reports," by causing those reports documents to reflect that patients needed to be transported by stretcher and by omitting the fact that patients were ambulatory or could otherwise be safely transported by means other than ambulance, thereby making it appear that the patients needed to be transported by ambulance, when, in fact, the patients did not need to be transported by ambulance.

19.    Defendants MEDEX, ALEKSANDR N. ZAGORODNY and SERGEY ZAGORODNY, and MEDEX agents and employees acting at the direction of defendants

ALEKSANDR N. ZAGORODNY and SERGEY ZAGORODNY, submitted fraudulent claims to Medicare and Medicaid for medically unnecessary ambulance services.

20.     Defendants ALEKSANDR N. ZAGORODNY, SERGEY ZAGORODNY, and MEDEX AMBULANCE, INC., for the purpose of executing the fraud scheme, and attempting to do so, caused transmissions by means of wire communication in interstate commerce, from PNC Bank in Pennsylvania to Citizens Bank in Rhode Island.

21.     As a result of this fraudulent scheme, defendants ALEKSANDR N. ZAGORODNY, SERGEY ZAGORODNY, and MEDEX AMBULANCE, INC. caused Medicare and Medicaid to incur losses of more than $2.5 million.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH NINETEEN

### (Health Care Fraud)

1.  Paragraphs 1-15 and 17-21 of Count One are incorporated here.

2.  From in or about November 2007 through in or about October 2011, at Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALEKSANDR N. ZAGORODNY,
SERGEY ZAGORODNY
and
MEDEX AMBULANCE, INC.**

knowingly and willfully executed a scheme and artifice to defraud health care benefit programs, that is, Medicare and Medicaid, and to obtain money and property owned by and under the custody and control of those health care benefit programs, by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services, by submitting and causing to be submitted fraudulent health care insurance claims for services that were not medically necessary for ambulance transportation provided to each of the individuals listed below, in the approximate amounts and on the approximate dates listed below (each claim constituting a separate count of this indictment), when, in fact, ambulance services were not medically necessary:

| Count | Patient Initials | Approximate Date of Transportation | Claim Amount | Approximate Payment Date | Health Care Benefit Program |
|---|---|---|---|---|---|
| 2 | D. J. | 11/28/2008 | $820 | 12/31/2008 | Medicare |
| 3 | D. J. | 12/5/2008 | $820 | 1/2/2009 | Medicare |
| 4 | K. L. | 12/5/2008 | $840 | 1/2/2009 | Medicare |

| 5  | D. J.     | 12/15/2008 | $820 | 1/7/2009   | Medicare |
|----|-----------|------------|------|------------|----------|
| 6  | W. J.-L.  | 12/19/2008 | $860 | 1/16/2009  | Medicare |
| 7  | W. J.-L.  | 12/20/2008 | $860 | 1/16/2009  | Medicare |
| 8  | W. J.-L.  | 12/27/2008 | $860 | 2/3/2009   | Medicare |
| 9  | E. Be.    | 1/5/2009   | $840 | 2/3/2009   | Medicare |
| 10 | R. M.     | 12/5/2009  | $820 | 12/28/2009 | Medicare |
| 11 | R. M.     | 12/8/2009  | $820 | 12/28/2009 | Medicare |
| 12 | J. Ca.    | 12/8/2009  | $860 | 1/7/2010   | Medicare |
| 13 | B.P.      | 8/9/2010   | $820 | 9/1/2010   | Medicare |
| 14 | B.P.      | 8/23/2010  | $820 | 9/9/2010   | Medicare |
| 15 | E. Be.    | 8/25/2010  | $860 | 9/9/2010   | Medicare |
| 16 | W.O.      | 1/2/2011   | $822 | 1/18/2011  | Medicare |
| 17 | B.P.      | 2/9/2011   | $815 | 3/2/2011   | Medicare |
| 18 | E. Be.    | 3/11/2011  | $849 | 3/30/2011  | Medicare |
| 19 | W. O.     | 7/9/2011   | $825 | 7/27/2011  | Medicare |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS TWENTY THROUGH THIRTY-SEVEN

### (False Statements Relating to Health Care Matters)

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1-15 and 17-21 of Count One are incorporated here.

2. From in or about November 2007 through in or about October 2011, at Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALEKSANDR N. ZAGORODNY,
SERGEY ZAGORODNY
and
MEDEX AMBULANCE, INC.,**

in matters involving the health care benefit programs listed below, falsified, concealed, or covered up, and aided and abetted the falsification, concealment, or covering up, by trick, scheme, or device, a material fact in connection with the delivery of or payment for health care benefits, items, or services in that the defendants created or caused to be created trip sheets, run sheets, or patient care reports for ambulance transportation provided to each of the individuals listed below, on the approximate dates listed below (each false statement constituting a separate count of this indictment), that concealed or falsely described the true condition of each of the individuals who were transported by ambulance when, in fact, ambulance services were not medically necessary:

| Count | Patient Initials | Approximate Date of Transportation | Approximate Date of Payment |
|---|---|---|---|
| 20 | D. J. | 11/28/2008 | 12/31/2008 |
| 21 | D. J. | 12/5/2008 | 1/2/2009 |
| 22 | K. L. | 12/5/2008 | 1/2/2009 |
| 23 | D. J. | 12/15/2008 | 1/7/2009 |

| 24 | W. J.-L. | 12/19/2008 | 1/16/2009 |
|---|---|---|---|
| 25 | W. J.-L. | 12/20/2008 | 1/16/2009 |
| 26 | W. J.-L. | 12/27/2008 | 2/3/2009 |
| 27 | E. Be. | 1/5/2009 | 2/3/2009 |
| 28 | R. M. | 12/5/2009 | 12/28/2009 |
| 29 | R. M. | 12/8/2009 | 12/28/2009 |
| 30 | J. Ca. | 12/8/2009 | 1/7/2009 |
| 31 | B.P. | 8/9/2010 | 9/1/2010 |
| 32 | B.P. | 8/23/2010 | 9/9/2010 |
| 33 | E. Be. | 8/25/2010 | 9/9/2010 |
| 34 | W.O. | 1/2/2011 | 1/18/2011 |
| 35 | B.P. | 2/9/2011 | 3/2/2011 |
| 36 | E. Be. | 3/11/2011 | 3/30/2011 |
| 37 | W.O. | 7/9/2011 | 7/27/2011 |

All in violation of Title 18, United States Code, Sections 1035 and 2.

## COUNTS THIRTY-EIGHT THROUGH FORTY-ONE

(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

### Background

1.  Paragraphs 1-15 of Count One are incorporated here.

### The Scheme to Defraud

2.  From in or about November 2007 through in or about October 2011, at Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALEKSANDR N. ZAGORODNY,
SERGEY ZAGORODNY
and
MEDEX AMBULANCE, INC.**

devised and intended to devise a scheme to defraud Medicare and Medicaid, and to obtain money and property from those health care benefit programs by means of false and fraudulent pretenses, representations and promises.

### Manner and Means

It was part of the scheme that:

3.  Defendants ALEKSANDR N. ZAGORODNY, SERGEY ZAGORODNY, and MEDEX AMBULANCE, INC. engaged in the manner and means described in paragraphs 17 through 21 of Count One of this indictment.

4.  Defendants ALEKSANDR N. ZAGORODNY, SERGEY ZAGORODNY, and MEDEX AMBULANCE, INC., caused fraudulent claims for reimbursement from health

12

care benefit programs to be submitted to various claims processors, including Highmark, a company located in Camp Hill, Pennsylvania.

5. By causing fraudulent claims to be submitted to Highmark, defendants ALEKSANDR N. ZAGORODNY, SERGEY ZAGORODNY, and MEDEX AMBULANCE, INC. caused funds to be transferred, by means of Electronic Funds Transfer or "EFT," from PNC Bank, located in Pennsylvania, to Citizens Bank, which then processed the claims in Rhode Island.

6. On or about each of the dates listed below, in the Eastern District of Pennsylvania and elsewhere, defendants

**ALEKSANDR N. ZAGORODNY,**
**SERGEY ZAGORODNY**
**and**
**MEDEX AMBULANCE, INC.,**

for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce, from PNC Bank in Pennsylvania to Citizens Bank in Rhode Island, the signals and sounds described below, specifically the transmission of electronic funds transfers, each transmission constituting a separate count:

| Count | Approximate Transmission Date | Patient and Approximate Transport Date | Health Care Benefit Program |
|---|---|---|---|
| 38 | 1/18/2011 | W. O. 1/02/2011 | Medicare |
| 39 | 2/11/2011 | R. M. 1/15/2011 | Medicare |

| 40 | 3/02/2011 | B. P.<br>2/09/2011 | Medicare |
|----|-----------|--------------------|----------|
| 41 | 3/30/2011 | E. B.<br>3/11/2011 | Medicare |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    As a result of the violations of Title 18, United States Code, Sections 1343, 1347, and 1349 set forth in this indictment, defendants

**ALEKSANDR N. ZAGORODNY,
SERGEY ZAGORODNY
and
MEDEX AMBULANCE, INC.,**

shall forfeit to the United States of America any property that constitutes or is derived from gross proceeds traceable to the commission of such offense(s), including, but not limited to:

    a.    Money Judgment: A sum of money equal to at least approximately $2,685,915.43 in United States Currency, for which the defendants are jointly and severally liable, and any other accounts and proceeds of these offenses;

    b.    Real property known as 2540 W. Maple Avenue, Feasterville, PA;

    c.    All funds in Citizens Bank account #XXXXXX8138 (approximately $18,444.53) titled to MedEx Ambulance Inc.;

    d.    All funds in Citizens Bank account #XXXXXX0775 (approximately $11,667.86) titled to MedEx Ambulance Inc.;

    e.    All funds in Ukrainian Self Reliance Federal Credit Union account #XXX76, Share 65 (approximately $50.81) titled to AAIS Realty;

    f.    All funds in Ukrainian Self Reliance Federal Credit Union account #XXX76, Share 75 (approximately $4,480.55) titled to AAIS Realty;

    g.    2011 Ford, Vehicle Identification Number XXXXXXXXXXXX85561, PA tag EV34083, registered in the name of MedEx Ambulance, Inc., 2540 W. Maple Avenue, Feasterville, PA;

    h.    2010 Ford, Vehicle Identification Number XXXXXXXXXXXX06447, PA tag EV34328, registered in the name of MedEx Ambulance, Inc., 2540 W. Maple Avenue, Feasterville, PA;

      i.     2010 Ford, Vehicle Identification Number XXXXXXXXXXXX36982, PA tag EV33906, registered in the name of MedEx Ambulance, Inc., 2540 W. Maple Avenue, Feasterville, PA;

      j.     2009 Ford, Vehicle Identification Number XXXXXXXXXXXX46395, PA tag EV33269, registered in the name of MedEx Ambulance, Inc., 2540 W. Maple Avenue, Feasterville, PA; and

      k.     2009 Ford, Vehicle Identification Number XXXXXXXXXXXX12502, PA tag EV33083, registered in the name of MedEx Ambulance, Inc., 2540 W. Maple Avenue, Feasterville, PA.

2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the Court; or

      d.     has been substantially diminished in value,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981 and 982.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

*Peter F Schenck for*
ZANE DAVID MEMEGER
United States Attorney